1  **UMHOFER, MITCHELL & KING LLP**
   J. Anthony King (SBN 297279)
2  767 S. Alameda St., Suite 270
   Los Angeles, California 90021
3  Telephone: (213) 394-7979
4  Facsimile: (213) 529-1027
   *anthony@umklaw.com*

*Attorney for Plaintiffs Dental Health Center of Monmouth Beach and Michael DiCarlo*

# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENTAL HEALTH CENTER OF MONMOUTH BEACH, a New Jersey limited liability company, and MICHAEL DICARLO, an individual<br><br>Plaintiffs,<br><br>v.<br><br>OPULENT DIGITAL SPECIALISTS, LLC, a California limited liability company; JESSE ZAMARRIPA, an individual; AMANN GIRRBACH NORTH AMERICA LP, a North Carlonia limited partnership, and DOES 1 through 20, inclusive,<br><br>Defendants, | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. FRAUD;**<br>**2. FRAUDULENT INDUCEMENT;**<br>**3. FRAUDULENT CONCEALMENT;**<br>**4. BREACH OF CONTRACT;**<br>**5. VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br>**6. VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT; AND**<br>**7. UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

*COMPLAINT*

Plaintiffs Dental Health Center of Monmouth Beach ("DHCMB") and Dr. Michael DiCarlo ("Plaintiffs") as its Complaint against Defendants Opulent Digital Specialists, LLC ("Opulent"), Jesse Zamarripa, Amann Girrbach North America LP ("Amann Girrbach"), and DOES 1 through 20, (collectively, "Defendants") alleges as follows based upon personal knowledge, the investigation of counsel, information and belief, and publicly available information:

## NATURE OF THE ACTION

1. This is a simple case of corporate theft. Defendants defrauded Plaintiffs and other dentists by luring them into purchasing expensive equipment for their practices, taking their money, but never delivering the products.



2. As shown above, Opulent, a California-based dental computer-aided design and computer-aided manufacturing (CAD/CAM) sales and integration company, advertises on its website that it is helping dental professionals to grow

1
COMPLAINT

their profits by providing support, education, technical support and other services related to dental milling systems.

3. Opulent boasts that a dentist can purchase a milling system in "as little as half of a day" with three easy steps. Opulent provides the recommendation for the equipment, will help the dentist place the order, and provides financing through its finance department.

> **What are the steps of purchasing a complete milling system?**
>
> The **first** step is to speak with one of our Digital Integration Specialists who will propose the best equipment based on your needs. The **second** step is to agree on the equipment configuration and sign the equipment agreement via Docusign. The **third** step is to begin the Finance process with a quick 3 minute phone call. Finally, you pick your finance terms and sign the finance paperwork via Docusign with our finance department. The whole process can take as little as half of a day.

4. Opulent promises that "equipment will ship between 2-7 weeks after the purchasing process has been completed."

5. Opulent, through its owner, defendant Jesse Zamarripa, approached Plaintiff Michael DiCarlo, a New Jersey-based dentist to solicit him to purchase its partner Amann Girrbach's milling products. Opulent promised Plaintiffs that they would not only receive Amann Girrbach's equipment, but Opulent also agreed to provide training and support for the equipment that Plaintiffs purchased.

6. In December 2023, Plaintiffs entered into a contract with Opulent to purchase over $120,000 worth of its partner's (Amann Girrbach), business product. Opulent also directed Plaintiffs to use TIAA Bank (now Everbank) to finance the purchase. As part of the financing arrangements, Plaintiffs were required to advance all of the purchase price to Amann Girrbach and Opulent and immediately be indebted to TIAA Bank regardless of whether the product was delivered or not.

7. Despite making these promises to Plaintiffs and taking their money, Defendants never delivered the promised equipment leaving Plaintiffs with over

$100,000 of debt and absolutely nothing to show for it.

## **PARTIES**

8. Plaintiff DHCMB is a limited liability company duly organized under the laws of New Jersey that conducts business in the County of Monmouth, State of New Jersey.

9. Plaintiff Michael DiCarlo is an individual and member of DHCMB that resides in the County of Monmouth, State of New Jersey.

10. Defendant Opulent Digital Specialists, LLC ("Opulent") is limited liability company duly organized under the laws of California that conducts business in the County of Sacramento, State of California.

11. Defendant Jesse Zamarripa is an owner of Opulent who, upon information and belief, resides in Folsom, California.

12. Defendant Amann Girrbach North America LP ("Amann Girrbach") is a North Carolina limited partnership that, upon information and belief, manufactures and sells dental equipment in California through its distributors, including its partner, Opulent, and that are available for purchase in New Jersey.

13. This Court has personal jurisdiction over Defendants because of their minimum contacts with the State of California, and because Opulent and Amann Girrbach purposely availed themselves of the protections of California law as a result of doing business within the State of California.

14. Upon information and belief, Amann Girrbach and Opulent were, at all relevant times, in any agency or joint-venture relationship with each other, and were at all relevant times acting within the purpose and scope of said relationship.

15. Plaintiffs are informed and believe, and thereon allege, that each Defendant, including DOES, is and was the agent, co-conspirator, subsidiary, partner, member, associate or representative of each other Defendant, including DOES 1-50, and each and all of the things alleged to have been done by the Defendants were done in the course and scope of the agency, partnership, service,

or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives, such that each is individually, jointly, severally, and/or vicariously liable to Plaintiffs for damages and harms alleged herein.

16. Plaintiffs are informed and believe, and based thereon alleges that Opulent is, and at all times herein mentioned was, controlled, dominated, and operated by Zamarripa and DOES 1 through 20, as their individual business and alter ego, in that the activities and business of Opulent were carried out without the necessary legal formalities. Plaintiffs are further informed and believes, and based thereon alleges, that Opulent is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Zamarripa, and DOES 1 through 20 carried on their business, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Zamarripa, Opulent or DOES 1 through 20 does not, and at all times mentioned herein, did not exist. For each of the foregoing reasons, adherence to the fiction of the separate existence of Opulent as a legal entity.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Plaintiffs, on the one hand, and Defendants, on the other hand, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

18. Venue is proper in this Court because each of the parties involved in this case conducts substantial business operations in the Eastern District of California. Opulent's corporate headquarters is located in the Eastern District of California as is Defendant Zamarripa. Moreover, Armann Girrbach distributed its products through Opulent's corporate offices.

19. This Court has jurisdiction over this entire action because it is a civil action wherein the damages sought are in excess of the jurisdictional limits of this

Court, and Defendants are subject to personal jurisdiction in the State of California.

## FACTUAL ALLEGATIONS

20. Opulent is a Folsom, California company that sells CAD/CAM equipment, products and software to dental laboratories and trains customers on effectively using its products. Amann Girrbach is a dental equipment manufacturer.

21. On or around July 28, 2021, Amann Girrbach publicly announced a distribution partnership agreement with Opulent. In the press release announcing the partnership, Jan Slor, Amann Girrbach's General Manager, stated that "Jesse Zamarripa and the Opulent team have shown **great expertise** in the field of CAD/CAM in both dental labs and dental offices. Now is the perfect opportunity **to focus our combined energies on delivering the right set of solutions to the market**. The CAD/CAM technology is developing quickly and together **we are well equipped to mutually support it**." Slor further stated that Amann Girrbach was "very excited about the **partnership** with Opulent."[1]

> **Partnership Announced Between Amann Girrbach and Opulent Digital Specialists**
>
> By Conexiant News Staff
>
> July 28, 2021
>
> Amann Girrbach has announced a distribution partnership agreement with Opulent Digital Specialists, a dental CAD/CAM integration company in Folsom, CA, that serves both dental laboratories and dental offices in North America. "I'm very excited about the partnership with Opulent," says Jan Slor, General Manager for Amann Girrbach North America. "We have been working together for quite some time, and Jesse Zamarripa and the Opulent team have shown great expertise in the field of CAD/CAM in both dental labs and dental offices. Now is the perfect opportunity to focus our combined energies on delivering the right set of solutions to the market. The CAD/CAM technology is developing quickly and together we are well equipped to mutually support it."

---

[1] All emphasis added.

22. In or about October 2022, during the period of the partnership set forth above, DHCMB owner, Dr. DiCarlo, wanted to purchase Amann Girrbach's dental equipment from Opulent to upgrade DHCMB technology, increase efficiency, and provide better dental services to his patients.

23. Opulent, through its principal, Zamarripa, held itself out to Plaintiffs as having superior CAD/CAM equipment—namely, its partner, Amann Girrbach's, milling equipment. Zamarripa also promised installation and training for all equipment purchased through Opulent as well as ongoing education on how to use the Amann Girrbach equipment.

24. In or about December 2022, DHCMB entered into an agreement with Opulent and Zamarripa to purchase certain equipment and training (the "Agreement"). Specifically, DHCMB purchased Amann Girrbach's Ceramill Matik Production System, and other equipment for $124,999.00.

25. Financing was required to purchase the equipment from Opulent. Zamarripa recommended that Plaintiffs obtain a loan through TIAA Bank.

26. On or about March 22, 2023, Dr. DiCarlo signed a loan agreement with TIAA Bank on behalf of DHCMB totaling $142,967.40 with payments being made over a period of 84 months. No money was required to be paid for the first six months of the loan. However, on the seventh month, DHCMB was required to pay $99 per month for the next six months and then make payments of $2,372.89 for the following 60 months. Plaintiffs made payments to TIAA Bank (now Everbank) and continue to pay this loan in accordance with the terms of the financing agreement with TIAA Bank.

27. The terms of the loan agreement required DHCMB to purchase insurance for the equipment. Dr. DiCarlo was also required to sign a personal guarantee for the loan and to begin making payments even though he had not received the equipment.

28. However, despite promising to do so, Opulent and Amann Girrbach failed to deliver the equipment as they were bound to under the Agreement.

29. As late as the spring of 2023, well after Dr. DiCarlo had purchased Amann Girrbach's milling equipment, Opulent and Amann Girrbach were publicly displaying and marketing their Ceramill Matik and Motion at LMT Lab Day 2023—a large dental laboratory industry convention.[2]

30. However, around this same time, Defendants Opulent and Amann Girrbach were sued in Texas state court by a dental practice under almost identical circumstances as here.[3] In the petition, the plaintiff purchased Amann Girrbach's dental milling equipment, via its distributor, Opulent, for a cost of approximately $100,000. (Ex. 1.) After paying for the equipment through TIAA Bank, Defendants began making excuses for why the milling equipment was delayed. On April 28, 2023, Amann Girrbach's Vice President of Sales – North America, Courtney Yates, promised plaintiff that "your refund will be after everything is received" however, according to plaintiff's petition, Amann Girrbach never provided him or his practice a refund. (*See Id*.)

31. Despite having express knowledge of this litigation and the allegations of fraud against it, Amann Girrbach did nothing to notify or protect its customers. At best, Amann Girrbach did not take the necessary steps to get to the bottom of these allegations, prevent any further theft of customers' money, or notify its customers.[4] Nor did Amann Girrbach take action after several other lawsuits were filed against Opulent in 2023.[5] Rather, Amann Girrbach continued

---

[2] As shown in the following videos, Amann Girrbach and its partner Opulent publicly marketed their equipment at trade shows: *https://www.youtube.com/watch?v=Q77mxOm7eak, https://www.instagram.com/opulent_digital_specialists/reel/Cra31v5osvY/*

[3] *Antoine Group, LLC et al v. Opulent Digital Specialists, LLC,* Case No. 2023-30606 (Tex. May 17, 2023)

[4] Rather, Amann Girrbach filed a motion to dismiss itself based upon jurisdictional grounds (i.e., that it did not do business in Texas) rather than on the merits of the case.

[5] See, e.g., *Meged Funding Group Corp. v. Opulent Digital Specialists LLC et al, Dynasty Capital 26, LLC v. Opulent Digital Specialists LLC et al, Fundamental Capital LLC v Opulent Digital Specialists LLC Radiance Dentistry vs Opulent Digital Specialists LLC.*

7
*COMPLAINT*

the partnership into 2024, but never stopped Opulent or attempted to warn its loyal customers, such as Plaintiffs.

32. In fact, Amann Girrbach arranged to ensure that it would be paid back first—entering into a settlement with Opulent that contained a stipulated judgment that it could enter, which it did in October 2024.

33. Beginning on November 21, 2023, Plaintiffs made multiple demands for Defendants to deliver the equipment. Defendants repeatedly promised that the equipment would be delivered in the near future, however they still never delivered these products as of the date of filing this complaint.

34. As a result of the equipment never arriving, Plaintiffs suffered lost business and profits that it would have made had Defendants delivered the products it promised to sell him, rather than stealing Plaintiffs' money and providing them with nothing.

35. In total, Plaintiffs have suffered damages in the amount of $500,000 or more.

## FIRST CAUSE OF ACTION
### Fraud
### (Against All Defendants)

36. Plaintiffs hereby re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Second Cause of Action.

37. As set forth above, Opulent, Amann Girrbach, Zamarripa, and Does 1-20 committed fraud by knowingly making promises to Plaintiffs that they never intended to keep. When Defendants sold Plaintiffs the equipment, they never intended to actually deliver it.

38. The affirmative representations Defendants made include but are not limited to that it would deliver the dental equipment purchased in a timely manner,

train Plaintiffs on how to use the equipment, and that they were bound to a code of conduct that required them to act with honesty and integrity. These statements were false, misleading, were intended to and did in fact deceive Plaintiffs.

39. Defendants' representations that they would provide the products were false, misleading, was intended to and did in fact deceive Plaintiffs.

40. Defendants made these misrepresentations with knowledge of their falsity or recklessly without regard for the truth of the representations.

41. Defendants made the misrepresentations set forth in this Complaint with the intent for Plaintiffs and other purchasers to rely on the stated representations.

42. Plaintiffs justifiably relied on Defendants' representations. Plaintiffs read Defendants' websites, listened carefully to their promises that the equipment to be provided would be state of the art and would transform their practice, relied on the information Defendants provided as material, and would not have purchased the equipment if they had known the truth: that Defendants never intended to actually deliver the products.

43. Now, it is quite evident that Defendants' statements to Plaintiffs were blatantly false, as it has become quite evident that Defendants were running a fraud scheme—marketing products to take Plaintiffs' money without ever intending to deliver the products that Plaintiffs purchased.

44. Plaintiffs have been damaged by Defendants' misrepresentations in an amount to be proven at trial, but no less than $500,000.00.

45. Plaintiffs' reliance on Defendants' representations was a substantial factor in the harm Plaintiffs suffered, because if Plaintiffs had known that Defendants never intended to provide the equipment that they purchased.

46. Defendants' actions, through Opulent's and Amann Girrbach's representatives, including, but not limited to Zamarripa, were willful, and were taken willingly and voluntarily, with oppression, fraud, and malice, to justify an

award to Plaintiffs of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

### Fraudulent Inducement

### (Against All Defendants)

47. Plaintiffs hereby re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Second Cause of Action.

48. The inducement to enter into the Agreement was a promise to provide top quality dental equipment, training, and support. Upon information and belief, Defendants made these misrepresentations with knowledge of their falsity or in a manner not warranted by the information known to them.

49. Defendants made these misrepresentations with the intent for Plaintiffs to rely on their stated representations.

50. Because Defendants hid the fact that they never intended to provide the Equipment, Plaintiffs suffered lost revenue and business harm. Plaintiffs' economic damages are still occurring.

51. Plaintiffs have been damaged by Defendants' misrepresentations in an amount to be proven at trial.

52. Defendants' actions, through Opulent's and Amann Girrbach's representatives, including, but not limited to Zamarripa, were willful, and were taken willingly and voluntarily, with oppression, fraud, and malice, to justify an award to Plaintiffs of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### Fraudulent Concealment

### (Against All Defendants)

53. Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Third Cause of Action.

54. Defendants concealed material information from purchasers, such as Plaintiffs, namely that they never intended to provide the Equipment Plaintiffs purchased or to provide training regarding the equipment.

55. Defendants had a duty to disclose these material facts for several reasons, including:

    a. Plaintiffs were buyers and Defendants were sellers;[6]

    b. On or around October 2023, Zamarripa specifically promised Plaintiffs that the Equipment was still going to be delivered;

    c. Defendants, such as Amann Girrbach, promised on their websites that they would act with "honesty" and "integrity."

56. Defendants acted with intent to conceal these material facts from Plaintiffs to deceive and defraud them so that they would obtain over $130,000 in funds financed through TIAA Bank that Defendants would take without any intent to ever provide Plaintiffs with the products they purchased.

57. Plaintiffs were unaware of the concealed fact that no products would be provided and would not have acted as they did had they known about them.

58. Plaintiffs have been damaged by Defendants' fraudulent concealment in an amount to be proven at trial.

59. Defendants' actions, through Opulent's and Amann Girrbach's representatives, including, but not limited to Zamarripa, were willful, and were taken willingly and voluntarily, with oppression, fraud, and malice, to justify an award to Plaintiffs of exemplary and punitive damages.

---

[6] *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1187 (2014), as modified on *denial of reh'g* (Aug. 13, 2014) ("a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.'").

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

## (AGAINST OPULENT and ZAMARRIPA)

60. Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Fourth Cause of Action.

61. After being fraudulently induced by Defendants' representations, Plaintiffs entered into an agreement with Opulent, Zamarripa, and Amann Girrbach to purchase certain dental equipment in December 2022. A true and correct copy of the purchase order is attached hereto as Exhibit 2.

62. Opulent, Zamarripa, and Amann Girrbach, breached the Agreement by failing to perform as promised. Specifically, Defendants failed to deliver all of the equipment purchased by Plaintiffs. In addition, Opulent and Zamarripa failed to provide training to Plaintiffs.

63. Opulent and Zamarripa's breach of the Agreement was not excused. Plaintiffs performed all obligations of the Agreement, except for those that were excused because of the breach of Opulent and Zamarripa.

64. As a direct, foreseeable, and proximate result of Opulent and Zamarripa's breach of the Agreement, Plaintiff has suffered substantial losses in an amount to be proven at trial, but in excess of the jurisdictional limitations of this Court.

## FIFTH CAUSE OF ACTION

## (Violation of California's Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200)

65. Plaintiffs re-allege and incorporates herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Fifth Cause of Action.

66. As set forth above, Plaintiffs purchased and paid for over $124,999.00

in dental equipment from Opulent and Amann Girrbach. Defendants took Plaintiffs' money but never intended to actually provide the equipment.

67. California Business and Professions Code Section 17200 provides: "unfair competition shall mean and include unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . ." Cal. Bus. & Prof. Code § 17200.

68. Defendants' conduct, as alleged throughout the Complaint, and in each cause of action above, constitutes unlawful, unfair, and fraudulent business acts and practices, and violates Section 17200 et seq. of the California Business & Professions Code. Such unlawful, unfair, and deceptive practices are ongoing and continue to date.

69. "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 906-07 (1998), review denied (May 13, 1006); *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992); *People v. E.W.A.P., Inc.*, 106 Cal. App. 3d 315, 319 (1980).

70. Defendants' actions constitute a "fraudulent" practice as set forth in Section 17200 et seq. of the California Business & Professions Code because Defendants made materials misrepresentations and omissions were likely to and did deceive Plaintiffs.

71. The affirmative representations Defendants made include but are not limited to that it would deliver the dental equipment purchased in a timely manner, train Plaintiffs on how to use the equipment, and that they were bound to a code of conduct that required them to act with honesty and integrity. These statements were false, misleading, were intended to and did in fact deceive Plaintiffs.

72. Plaintiffs justifiably relied on Defendants' public and private representations. Plaintiffs read Defendants websites, product information, and

listened to their oral promises made during the sales process. Plaintiffs relied on this information as material and would not have purchased the equipment or entered into the Loan Agreement if they had known that the information they had been fed by Defendants was false and they were instead being scammed.

73. In addition to the unlawful and fraudulent conduct above, Defendants further have engaged, and continue to engage, in the acts or practices described herein, which are unfair, irrespective of the violation of any other law, and which constitute unfair competition within the meaning of section 17200 of the Business and Professions Code.

74. As a proximate result of Defendants' unlawful, unfair, and fraudulent business acts and practices, Plaintiffs have suffered substantial injuries, including out of pocket costs, lost profits and assets, lost value, and reputational damage in an amount to be proven at trial, but no less than $500,000.00.

75. Accordingly, Plaintiffs are entitled to equitable relief, including restitution and injunctive relief, and any other appropriate relief authorized by Section 17200 et seq. of the California Business & Professions Code.

## SIXTH CAUSE OF ACTION

**Violation of New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, *et seq.***

**(Against All Defendants)**

76. Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Sixth Cause of Action.

77. Amann Girrbach makes its products available for sale in New Jersey. In fact, Defendant Amann Girrbach has admitted that Dr. DiCarlo made a number of purchases directly from AG, both its US and Austrian arms, for his practice in New Jersey.

78. The New Jersey Consumer Fraud Act ("NJCFA") is generally regarded as one of the strongest consumer protection laws in the United States.

79. Under the NJCFA consumers are protected from any "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . ." *New Jersey Consumer Fraud Act*, § 56:8-2.

80. Here, Defendants not only engaged in unconscionable commercial practices, deception, fraud, and false promises, but Amann Girrbach also knowingly concealed these facts from their customers, such as Dr. DiCarlo, even after they knew that Opulent had been sued for non-delivery.

81. The acts and practices of Defendants, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages and injury in amounts to be determined to Plaintiffs. As a result of Defendants' unlawful acts or practices, Plaintiffs suffered substantial injuries, including out of pocket costs, lost profits and assets, lost value, and reputational damage in an amount to be proven at trial, as a result of the use or employment of methods, acts or practices declared unlawful by the New Jersey Consumer Fraud Act.

82. Under this provision, in addition to any appropriate legal or equitable relief, reasonable attorneys' fees, filing fees, and reasonable costs of suit, the damages sustained by the damaged individual are awarded threefold. Plaintiffs thus request that this Court award them three times the amount of compensatory damages and attorneys' fees and costs, together with the other and further relief set forth in the Prayer for Relief below.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

83. Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs one through 35 above as if fully set forth in this Seventh Cause of Action.

84. Simply put, Defendants have received the benefit of Plaintiffs' money without providing the Equipment that it promised to deliver.

85. As stated above, Defendants made several promises and representations on which they knew or should have known that Plaintiffs would rely.

86. The affirmative representations Defendants made include but are not limited to that it would deliver the dental equipment purchased in a timely manner, train Plaintiffs on how to use the equipment, and that they were bound to a code of conduct that required them to act with honesty and integrity. These statements were false, misleading, were intended to and did in fact deceive Plaintiffs.

87. Upon information and belief, Defendants made these misrepresentations with knowledge of their falsity or recklessly without regard for the truth of the representations. Indeed, as set forth above, not only did Defendants not deliver the Equipment in a timely manner, but it never delivered the Equipment at any time. Rather, Defendants instead just kept Plaintiffs' money.

88. Plaintiffs justifiably relied on Defendants' representations that it would provide the equipment they were purchasing.

89. As a direct and proximate result of Defendants' misrepresentations and fraud, Defendants were unfairly enriched at Plaintiffs' benefit in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

1. Compensatory damages, and any other special, general, incidental, punitive, and consequential damages, trebled and according to proof;
2. An award of interest, including prejudgment interest, according to law;
3. An award of costs of suit, including attorneys' fees; and
4. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues which are subject to adjudication by a trier of fact.

DATED: July 15, 2025                         **UMHOFER, MITCHELL & KING LLP**

                                             By: /s/ *J. Anthony King*
                                                 J. Anthony King

                                             *Attorneys for Dental Health Center of Monmouth Beach and Michael DiCarlo*